IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No.__:____-CV-_____-___

| | |
|---|---|
| HARRY J. BURNETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, through its governing body, the BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, and UNIVERSITY OF NORTH CAROLINA ASHEVILLE, a constituent institution,<br><br>    Defendants. | **CLASS ACTION COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Harry Burnett ("Plaintiff") by and through undersigned counsel, brings this action against The University of North Carolina System and its constituent institution, University of North Carolina Asheville ("Defendants" or the "University") on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## PRELIMINARY STATEMENT

1. Plaintiff brings this case as a result of Defendants' decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

1

2. While closing campus and transitioning to online classes was the right thing for Defendants to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendants have either refused to provide reimbursement for the tuition, fees and other costs that Defendants are no longer providing, or have provided inadequate and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Classes are owed on a pro-rata basis, together with other damages as pled herein.

5. Plaintiff is not suing to recover monies paid by taxes to the University; rather, Plaintiff files suit against the Board of Governors of The University of North Carolina System, a body politic and corporate that may be sued, for specific disgorgement of fees and monies paid by students and their parents, guardians, and families for access and services not received.

**PARTIES**

6. Defendant, The University of North Carolina System, is the multi-campus public university system for the state of North Carolina, consisting of 17 constituent institutions throughout the state.

7. The University of North Carolina System is governed by the Board of Governors of the University of North Carolina as established by Chapter 116 of the North Carolina General Statutes.

8. The Board of Governors of the University of North Carolina is a body politic that is able and capable in law to bargain, sell, grant, alien, or dispose of and convey and assure to the purchasers any and all such real and personal estate and funds as it may lawfully acquire when the condition of the grant to it or the will of the devisor does not forbid it; and shall be able and capable in law to sue and be sued in all courts whatsoever; and shall have power to open and receive subscriptions, and in general may do all such things as are usually done by bodies corporate and politic, or such as may be necessary for the promotion of learning and virtue.

9. The Board of Governors is vested with the statutory authority to delegate any part of its authority over the affairs of any institution to the board of trustees or, through the President, to the chancellor of the institution in any case where such delegation appears necessary or prudent to enable the institution to function in a proper and expeditious manner. The Board may delegate any part of its authority over the affairs of The University of North Carolina to the President in any case where such delegation appears necessary or prudent to enable The University of North Carolina to function in a proper and expeditious manner. Any delegation of authority may be rescinded by the Board at any time in whole or in part.

10. Defendant University of North Carolina Asheville (hereinafter "UNCA") is a constituent institution of The University of North Carolina System, and is located and operating in Buncombe County.

11. Upon information and belief, Defendants are eligible to receive federal stimulus under the CARES Act. The CARES Act directs that approximately $14 billion dollars be distributed to colleges and universities based upon enrollment and requires that

institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

12. Plaintiff is an individual and a resident and citizen of the state of North Carolina.

13. Plaintiff is currently enrolled as a full-time student in Defendants' undergraduate program.

14. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket or by utilizing student loan financing or otherwise.

15. There are hundreds, if not thousands, of institutions of higher learning in this country.

16. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical attendance by the students.

17. Defendants' institution offers in person, hands on curriculum.

18. Plaintiff and members of the Proposed Tuition Class did not choose to attend another institution of higher learning, or to seek an online degree, but instead chose to attend Defendants' institution and enroll on an in-person basis.

19. Common sense would dictate that the level and quality of instruction an educator can provide through an online format is lower than the level and quality of instruction that can be provided in person.

20. Moreover, the true college experience encompasses much more than just the credit hours and degrees. The college experience consists of:
    i. Face to face interaction with professors, mentors, and peers;

  ii. Access to facilities such as computer labs, study rooms, laboratories, libraries, etc.;

  iii. Student governance and student unions;

  iv. Extra-curricular activities, groups, intramurals, etc.;

  v. Student art, cultures, and other activities;

  vi. Social development and independence;

  vii. Hands on learning and experimentation; and

  viii. Networking and mentorship opportunities.

21. Defendants have already recognized the inherent difference in value between online and in-person education.

22. Although the UNC system offers a distance education online program in which most constituent institutions participate. However, UNCA has not traditionally allowed students to participate in the program to earn a degree fully online.

23. Prior to the COVID-19 pandemic, Defendants allowed students to take courses in the UNC Online Program only in limited circumstances, including but not limited to the following restrictions:

  i. Students were permitted to take online courses only after their first semester and prior to their last thirty (30) hours of enrollment at UNC Asheville;

  ii. Students were restricted from enrolling in more than two (2) online courses per semester;

  iii. Students were limited to a maximum of eight (8) online courses per undergraduate degree;

  iv. Courses to satisfy major competencies were not allowed to be taken online;

5

    v.     Students were not permitted to take a course through the UNC Online Program if the equivalent course was offered at UNC Asheville during the same semester.[1]

24. Upon information and belief, Defendants chose not to offer a fully online degree because they recognized the inherent value of in-person instruction over online learning.

25. As a result of COVID-19, Plaintiff's education has changed from in-person hands on learning to online instruction.

26. Plaintiff's online instruction is not commensurate with the same classes being taught in person. For example, not all of Plaintiff's courses are even being taught live through online instruction; rather, upon information and belief, some classes are pre-recorded and available for Plaintiff to view but not participate in, and in some instances, professors are merely posting assignments online with no video instruction at all.

27. The University openly acknowledges the deficiencies of online learning. The University published an online flyer titled "Adjusting to Learning Online: Strategies for Student Success" in which students are encouraged to interact with their classmates virtually, and to call or video chat with their professors. The University further advises students to "be patient" and "remember that as with all skills, learning how to learn online will take time."[2]

28. The University directed students to refer to their Online Course Support Page for more information on the transition to online instruction; however, the link to this page leads to a vacant webpage.[3]

---

[1] Id.
[2] https://drive.google.com/file/d/1pWGqrikQiKdpMHfhP0_amRV7V13SaHyC/view
[3] https://coronavirus.unca.edu/online-course-support/resources-for-faculty-students/



29. In addition to tuition, Plaintiff was required to pay certain mandatory fees, including but not limited to a Safety and Security Fee, as well as required omnibus fee of over $1,500 for the following non-academic student services:[4]

    a. Athletics

    b. Health Services

    c. Student Activities

    d. Educational & Technology

    e. Debt Service

    f. Transportation/Safety

    g. Association of Student Governments

    h. Safety Fee

30. As a result of being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.

31. At Defendants' request and direction, Plaintiff moved out of on-campus housing and has not returned to campus, nor had access to any on campus facilities or services since at last March 16, 2020.

---

[4] htttps://www.unca.edu/admission/tuition/required-fees/

7

## JURISDICTION AND VENUE

32. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from one Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

33. This Court has personal jurisdiction over Defendants because Defendants are domiciled in North Carolina and conduct business in North Carolina.

34. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants are a body politic domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

35. Upon information and belief, Defendants' Spring term began with the first day of classes on or about January 13, 2020.[5]

36. Upon information and belief, Defendants' Spring term was scheduled to conclude with the last day of classes on April 28, 2020 and exams taking place April 30th through May 6th.[6]

37. Accordingly, Defendants' Spring semester was scheduled and contracted to consist of approximately 112 days.

38. Defendants' first notice concerning the Coronavirus was published on February 27, 2020, at that time Defendants stated they were continuing to carefully monitor the Coronavirus outbreak."[7]

---

[5] https://registrar.unca.edu/spring-2020-academic-calendar
[6] Id.
[7] https://coronavirus.unca.edu

39. Defendants' Spring Break was scheduled to begin March 9, 2020 and to conclude on March 13th; however, it was extended through March 20th.[8]

40. As a result of the COVID-19 pandemic, Defendants announced on March 11, 2020 that Spring Break would be extended by one additional week, with no academic instruction the week of March 16, 2020 and course instruction resuming on March 23, 2020 but provided via remote delivery, rather than in-person instruction through at least April 6, 2020. Moreover, all events of more than 50 attendees were cancelled and all visiting speakers were required to be cancelled or postponed.[9]

41. On March 18, 2020, the University announced that "For the health and well-being of our campus community, beginning 5 p.m. on Thursday, March 19 through at least April 6, Highsmith Student Union, Brown Dining Hall, certain residence halls where approved students with qualified exceptions reside, and the Health and Counseling Center will be the only facilities open on the UNC Asheville campus and access will be restricted to faculty, staff and students. All other facilities, including Ramsey Library, the Student Recreation Center, and Justice Center will be closed at least through April 6."[10]

42. On March 20, 2020, the University extended its remote instruction through the end of the semester.[11]

43. However, Defendants have refused and continue to refuse to offer any pro-rated tuition discounts as a result of moving classes online.

44. Although Defendants are still offering some level of academic instruction via online classes, Plaintiff and members of the proposed Tuition Class have been and will be

---

[8] Id.
[9] Id.
[10] Id.
[11] Id.

9

deprived of the benefits of on campus learning as set forth more fully above.

45. Likewise, Plaintiff and members of the proposed Fees Class have been and will be deprived of utilizing services for which they have already paid, as set forth in Paragraph 29 above.

46. To date, Defendants have not announced any plans to discount these fees.

47. As of the drafting of this Complaint, Defendant has announced that it will be offering full pro-rata refunds for room and board, dating back to March 16, 2020. Accordingly, this action does not seek to certify an On-Campus Housing Class or a Meals Class at this time. However, Plaintiff reserves the right to amend this complaint to plead such additional causes of action should Defendant fail to process the promised credits and/or calculate the credits in an inadequate manner.

## CLASS ACTION ALLEGATION

48. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

    **The Tuition Class:**

    All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

    **The Fees Class:**

    All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

49. Excluded from the Classes are The Board of Governors of the University of North Carolina and any of their respective members, affiliates, parents, subsidiaries, officers,

directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

50. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

51. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

### Numerosity: Fed. R. Civ. P. 23(a)(1)

52. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendants' records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

### Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)

53. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:
    i. Whether Defendants engaged in the conduct alleged herein;
    ii. Whether there is a difference in value between online distance learning and live in-person instruction;
    iii. Whether Defendants breached their contracts with Plaintiff and the other members

11

of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv. Whether Defendants were unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v. Whether Defendants breached their contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi. Whether Defendants were unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

viii. Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

ix. The amount and nature of relief to be awarded to Plaintiff and the other Class members.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

54. Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

55. Plaintiff is an adequate Class representative because his interests do not conflict with the interests of other members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously. The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority: Fed. R. Civ. P. 23(b)(3)

56. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct.

57. Even if Class members could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

### Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

58. To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

59. The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Tuition Class)**

60. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

61. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

62. Plaintiff and the Tuition Class entered into contracts with the University which provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf of students and, in exchange, the University would provide live in-person instruction in a physical classroom.

63. Plaintiff and other members of the Tuition Class fulfilled their end of the bargain when they paid tuition for the Spring 2020 semester either out-of-pocket or by using student loan financing, or otherwise.

64. The University breached the contract with Plaintiff and the Tuition Class by moving all classes for the Spring 2020 semester to online distance learning platforms, without reducing or refunding tuition accordingly.

65. The University retained tuition monies paid by Plaintiff and other members of the Tuition Class, without providing them the full benefit of their bargain.

66. Plaintiff and other members of the Tuition Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the

value of the services the tuition was intended to cover, namely live in-person instruction in a physical classroom.

67. As a direct and proximate result of Defendants' breach, Plaintiff and the Tuition Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the difference between the value of the online learning which is being provided versus the value of the live in-person instruction in a physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

68. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

69. Plaintiff brings this count on behalf of himself and other members of the Tuition Class.

70. The University has received a benefit at the expense of Plaintiff and other members of the Tuition Class to which it is not entitled.

71. Plaintiff and other members of the Tuition Class paid substantial tuition for live in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

72. Plaintiff and other members of the Tuition Class conferred this benefit on Defendants when they paid the tuition.

73. Plaintiff and other members of the Tuition Class did not confer this benefit gratuitously.

74. Defendants have realized this benefit by accepting such payment.

75. Defendants have retained this benefit, even though Defendants have failed to provide the access and services for which the tuition was collected, making Defendants' retention unjust under the circumstances.

76. Equity and good conscience require that the University return a portion of the monies paid in tuition to Plaintiff and other members of the Tuition Class.

77. Defendants should be required to disgorge this unjust enrichment.

**FOR A THIRD COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Fees Class)**

78. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

79. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

80. Plaintiff and the Fees Class entered into contracts with the University which provided that Plaintiff and other members of the Fees Class would pay certain fees for or on behalf of students and, in exchange, the University would provide access and services related to those fees, such as access to student activities, athletics, wellness centers, libraries, etc.

81. Plaintiff and other members of the Fees Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket or by using student financing, or otherwise.

82. The University breached the contract with Plaintiff and the Fees Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities.

83. The University retained fees paid by Plaintiff and other members of the Fees Class, without providing them the full benefit of their bargain.

84. Plaintiff and other members of the Fees Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

85. As a direct and proximate result of Defendants' breach, Plaintiff and the Fees Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which access and services were not provided.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(Plaintiff and Other Members of the Fees Class)**

86. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

87. Plaintiff brings this count on behalf of himself and other members of the Fees Class.

88. The University has received a benefit at the expense of Plaintiff and other members of the Fees Class to which it is not entitled.

89. Plaintiff and other members of the Fees Class paid substantial student fees for on campus benefits and services and did not receive the full benefit of the bargain.

90. Plaintiff and other members of the Fees Class conferred this benefit on Defendants when they paid the fees.

91. Plaintiff and other members of the Fees Class did not confer this benefit gratuitously.

92. Defendants have realized this benefit by accepting such payment.

93. Defendants have retained this benefit, even though Defendants have failed to provide the access and services for which the fees were collected, making Defendants' retention unjust under the circumstances.

94. Equity and good conscience require that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the Fees Class.

95. Defendants should be required to disgorge this unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of members of the Classes, pray for judgment in their favor and against Defendants as follows:

a. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b. Declaring that Defendants are financially responsible for notifying the Class members of the pendency of this action;

c. Declaring that Defendants have wrongfully kept monies paid for tuition, and fees;

d. Requiring that Defendants disgorge amounts wrongfully obtained for tuition and fees;

e. Awarding injunctive relief as permitted by law or equity, including enjoining Defendants from retaining the pro-rated, unused monies paid for tuition and fees;

f. Scheduling a trial by jury in this action;

g. Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

h. Awarding pre and post judgment interest on any amounts awarded, as permitted by law; and

i. Awarding such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

[signature on following page]

This 27th day of April, 2020

                              Respectfully Submitted,

                              **ANASTOPOULO LAW FIRM, LLC**

BY   /s/ Travis D. Hilka
        Travis D. Hilka
        N.C. Bar No.: 43400
        Eric M. Poulin (*Federal Admission Pending*)
        N.C. Bar No.: 43861
        Roy T. Willey, IV (*Special Appearance Pending*)
        Anastopoulo Law Firm, LLC
        32 Ann Street
        Charleston, SC 29403
        (843) 614-8888
        Fax: (843) 494-5536
        travis@akimlawfirm.com
        eric@akimlawfirm.com
        roy@akimlawfirm.com

        **ATTORNEYS FOR PLAINTIFF(S)**